

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

### NO. WR-92,088-01

**EX PARTE DUNCAN ERIC GORDON, Applicant**

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. W12-61468-P(A) IN THE 203ᴿᴰ DISTRICT COURT
### FROM DALLAS COUNTY

*Per curiam*.

### O R D E R

Applicant pleaded guilty to aggravated assault with a deadly weapon and was sentenced to five years' imprisonment. The Fifth Court of Appeals dismissed his appeal. *Gordon v. State*, No. 05-19-00658-CR (Tex. App.—Dallas Jun. 10, 2020) (not designated for publication). Applicant filed this application for a writ of habeas corpus in the county of conviction, and the district clerk forwarded it to this Court. *See* TEX. CODE CRIM. PROC. art. 11.07.

Applicant contends that he was prejudiced at sentencing due to counsel's errors and that his plea was involuntary because trial counsel did not advise him of the law of deadly weapons, the availability of an affirmative defense, and the likelihood that the facts only supported a misdemeanor assault prosecution. Applicant has alleged facts that, if true, might entitle him to relief. *Hill v.*

*Lockhart*, 474 U.S. 52 (1985); *Ex parte Argent*, 393 S.W.3d 781 (Tex. Crim. App. 2013). Accordingly, the record should be developed. The trial court is the appropriate forum for findings of fact. TEX. CODE CRIM. PROC. art. 11.07, § 3(d). The trial court shall order trial counsel to respond to Applicant's claim. In developing the record, the trial court may use any means set out in Article 11.07, § 3(d). It appears that Applicant is represented by counsel. If the trial court elects to hold a hearing, it shall determine if Applicant is represented by counsel, and if not, whether Applicant is indigent. If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an attorney to represent Applicant at the hearing. TEX. CODE CRIM. PROC. art. 26.04. If counsel is appointed or retained, the trial court shall immediately notify this Court of counsel's name.

The trial court shall make findings of fact and conclusions of law resolving Applicant's allegations by determining whether counsel erred and, if so, whether Applicant was harmed under the law applicable to each claim. The trial court may make any other findings and conclusions that it deems appropriate in response to Applicant's claims.

The trial court shall make findings of fact and conclusions of law within ninety days from the date of this order. The district clerk shall then immediately forward to this Court the trial court's findings and conclusions and the record developed on remand, including, among other things, affidavits, motions, objections, proposed findings and conclusions, orders, and transcripts from hearings and depositions. *See* TEX. R. APP. P. 73.4(b)(4). Any extensions of time must be requested by the trial court and obtained from this Court.

Filed: January 27, 2021
Do not publish